## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

**FILED**
APR 1 2005


| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | (For Offenses Committed On or After November 1, 1987) |
| V. | |
| | Case Number: 01-112 |
| DAVID FLOWERS | FRED W. BENNET, ESQUIRE |
| | Defendant's Attorney |

**THE DEFENDANT:**

Was found guilty by jury trial on Count (1) on AUGUST 24, 2001 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC 922 (g)(1) | UNLAWFUL POSSESSION OF A FIREARM AND AMMUNITION BY A CONVICTED FELON | MARCH 2001 | ONE (1) |

As pronounced on **MARCH 31, 2005**, the defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the ___1___ day of ___April___, 2005.

_____
The Honorable Chief Judge Thomas F. Hogan

Defendant's Soc. Sec. No.:
Defendant's Date of Birth:
Defendant's USM No.: 24174-016
Defendant's Residence and Mailing Address:

Defendant: DAVID FLOWERS
Case Number: 01-112

Judgment - Page 2 of 3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **(120) ONE HUNDRED AND TWENTY MONTHS, WITH CREDIT FOR TIME SERVED..**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
       Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. you will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

1). THE DEFENDANT SHALL NOT USE, POSSESS, DISTRIBUTE, OR TRANSPORT ANY ILLEGAL DRUGS.

2). THE DEFENDANT SHALL NOT ASSOCIATE WITH KNOWN DRUG DEALERS OR FREQUENT ANY PLACE WHERE ILLEGAL DRUGS ARE USED, SOLD OR DISTRIBUTED.

3). THE DEFENDANT SHALL PARTICIPATE IN DRUG TREATMENT AND ANY AFTERCARE AS DIRECTED BY THE PROBATION OFFICE.

4). SEEK VOCATIONAL/EDUCATIONAL TRAINING AS DIRECTED BY THE PROBATION OFFICE.

5). THE PROBATION OFFICE SHALL RELEASE THE PRESENTENCE REPORT TO ALL APPROPRIATE AGENCIES IN ORDER TO EXECUTE THE SENTENCE OF THE COURT. TREATMENT AGENCIES SHALL RETURN THE REPORT TO THE PROBATION OFFICE UPON THE DEFENDANT'S COMPLETION OR TERMINATION FROM TREATMENT.